UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
DIVISION OF LAFAYETTE

**GEORGE RAYMOND WILLIAMS,**     **CIVIL ACTION: 6:19-cv-00288**
**M.D., ORTHOPAEDIC SURGERY,**
**A PROFESSIONAL MEDICAL, LLC**

**VERSUS**     **JUDGE SUMMERHAYS**

**HOMELAND INSURANCE COMPANY**     **MAGISTRATE JUDGE HANNA**
**OF NEW YORK ET AL**

## REPORT AND RECOMMENDATION

Before the Court is the F.R.C.P. Rule 12(b)(6) Motion to Dismiss filed on behalf of Defendant, Homeland Insurance Company of New York. (Rec. Doc. 17). George Raymond Williams, M.D., Orthopaedic Surgery, A Professional Medical, LLC, class representative for the certified class of Louisiana healthcare providers, appearing in its capacity as assignee of CorVel Corp. ("the Class/CorVel") opposed the Motion (Rec. Doc. 43), and Homeland replied (Rec. Doc. 45). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that Homeland's Motion to Dismiss be GRANTED.

## Factual Background

This case has a notable history in this and other Courts. The Court refers and incorporates its previous findings denying the Plaintiff Class's Motion to Remand (Rec. Doc. 34, adopted by 38), as well as the factual findings of the Fifth Circuit and the Delaware Supreme Court, both of which have considered aspects of this case. *Williams v. Homeland Ins. Co. of N.Y.,* 657 F.3d 287, 289–90 (5th Cir. 2011) (footnotes omitted). ("*Williams I*"); *Homeland Ins. Co. of New York v. CorVel Corp.,* 197 A.3d 1042, 1045 (Del. 2018). In short, the only claim pending before this Court is that of the Plaintiff Class (in its capacity as CorVel's assignee) against Homeland (CorVel's insurer) for bad faith damages under Louisiana Revised Statute 22:1973. Homeland moves to dismiss this claim on the grounds that the Plaintiff Class and CorVel have litigated this claim to a final judgement in Delaware state court, such that the Class/CorVel is precluded from re-litigating the bad faith claim here.

## Applicable Law

I. **Law applicable to Rule 12(b)(6)**

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). When reviewing a motion to

dismiss, a district court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir.2011), quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555

3

(quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir.2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d

584, 587 (5th Cir.2008). With these precepts in mind, the Court considers the Plaintiff Class/CorVel's Petition.

## II. Whether the Delaware ruling precludes the Class/CorVel from asserting Louisiana bad faith claims.

At the outset, the Court finds that it is authorized to decide the preclusive effect of Delaware's ruling on these proceedings pursuant to Homeland's Rule 12(b)(6) Motion to Dismiss.[1] Thus, the Court considers whether the Delaware ruling precludes the instant proceedings, an analysis which begins with the Full Faith and Credit Act.

> According to the Full Faith and Credit Act, one of Congress's first acts, "judicial proceedings ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. §1738. The Supreme Court put it plainly in *Allen v. McCurry*…:
>
> [T]hough the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so....
>
> *Thompson v. Dallas City Attorney's Office*, 913 F.3d 464, 467 (5th Cir. 2019), citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980).

---

[1] Although at least one prior Fifth Circuit opinion questioned whether the district court was permitted to consider issue preclusion at the Rule 12(b)(6) stage (*Webb v. Town of St. Joseph*, 560 F. App'x 362, 366, fn. 4 (5th Cir. 2014) (unpublished), it appears that subsequent Fifth Circuit precedent has allowed such motions to proceed. See e.g. *Thompson v. Dallas City Attorney's Office*, 913 F.3d 464, 467 (5th Cir. 2019).

5

Whether a state court ruling has preclusive effect on a federal court is determined by application of state law. *Id.*, citing *McCurry*, 449 U.S. at 94-105. "Federal courts must step into the shoes of state courts and afford preclusive effect where state courts would do so." *Id.* Hence, the Court must turn to Delaware law to determine whether Delaware would consider the Delaware ruling to have res judicata effect in its state courts.

Like most jurisdictions, Delaware recognizes the doctrine of res judicata as a tool to prevent re-litigation of issues which have already been adjudicated.

> *Res judicata* exists to provide a definite end to litigation, prevent vexatious litigation, and promote judicial economy. "The procedural 'bar of *res judicata* extends to all issues which might have been raised and decided in the first suit as well as to all issues that actually were decided.'" "In essence, the doctrine of *res judicata* serves to prevent a multiplicity of needless litigation of issues by limiting parties to one fair trial of an issue or cause of action which has been raised or should have been raised in a court of competent jurisdiction."
>
> *LaPoint v. AmerisourceBergen Corp.,* 970 A.2d 185, 191–92 (Del. 2009) (Citations omitted.)

Under Delaware law, the doctrine of res judicata precludes a subsequent claim where:

> (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants [plaintiffs] in the case at bar; and (5) the decree in the prior action was a final decree.

6

*RBC Capital Markets, LLC v. Educ. Loan Tr. IV*, 87 A.3d 632, 643 (Del. 2014).

The Class/CorVel did not challenge the Delaware court's jurisdiction, and the Court finds that the Delaware court had jurisdiction over CorVel, a Delaware corporation. (See *Williams I*, 197 A.3d at 1044). Neither does the Class/CorVel challenge that the Delaware action involved the same parties or their privies, Homeland and CorVel,[2] nor that the Delaware action and the instant action are the same (alleged violations of the Louisiana penalty statute).[3] It is likewise undisputed that the Delaware action was decided adversely to the Class/CorVel when the Delaware court dismissed CorVel's claims as time-barred by the Delaware statute of limitations and that the Delaware Supreme Court's decision was a final decree. (*Williams I*, 197 A.3d at 1048).

The Class/CorVel maintains that it is permitted to file the same claims in a state with a longer statute of limitations (Louisiana), citing *Semtek Intern., Inc. v. Lockheed Martin* and *Tigert v. American Airlines, Inc.* However, neither *Semtek* nor *Tigert* are availing for the Class/CorVel. *Semtek* adjudicated the preclusive effect of a federal diversity dismissal for untimeliness, an issue of federal law, and ultimately held that federal law must reference back to the claim-preclusion law of the state in

---

[2] The Class is a party in privy with CorVel by virtue of its assignment of rights. See *Williams I*, 197 A.3d at 1045; fn. 5.
[3] Compare *Williams I* and Rec. Doc. 1-1.

7

which the original action was filed (California in that case.). *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507 (2001). *Tigert* is simply an application of the *Semtek* holding. *Tigert v. Am. Airlines Inc*., 390 F. App'x 357, 362 (5th Cir. 2010) (unpublished).

*Semtek* did not hold, as the Class/CorVel suggests, that a party is permitted to refile a subsequent action in a state with a longer statute of limitations. Rather, *Semtek* remanded the case back to the lower court to determine whether the case would be barred by preclusion under California state law (in other words, for a determination on whether a statute of limitations dismissal was entitled to preclusive effect under California law). Here, the Court is called upon to determine whether the statute of limitations dismissal is entitled to preclusive effect under Delaware law. As set forth in *Thompson* (and bolstered by *Simtek*), the issue is thus one of Delaware state law on res judicata.

Whether Delaware affords res judicata effect to a judgment depends exclusively upon whether the judgment is a dismissal with or without prejudice. Under Superior Court Rule 41(b), dismissals are adjudications on the merits except if dismissed for lack of jurisdiction, improper venue, or failure to join a party under Rule 19. *Maravilla-Diego v. MBM Constr. II, LLC*, No. CV N14C-03-135 PRW, 2015 WL 4468625, at *5 (Del. Super. Ct. July 21, 2015). See further discussion in *RBC Capital Markets, LLC v. Educ. Loan Tr. IV*, 87 A.3d 632, 644, fn. 42 (Del.

8

2014). If a matter has been dismissed with prejudice, it is deemed a judgment "on the merits," and res judicata forecloses a subsequent suit. *Id*. See also *Savage v. Himes*, No. CIV.A. 09C-09-249JAP, 2010 WL 2006573, at *3 (Del. Super. Ct. May 18, 2010), *aff'd,* 9 A.3d 476 (Del. 2010); *Verrastro v. Bayhospitalists, LLC*, 208 A.3d 720, 727 (Del. 2019), discussing Superior Court Rule of Civil Procedure 41. Like federal claim preclusion rules, "[t]he rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits." *Maravilla-Diego, supra,* at *5 (Del. Super. Ct. July 21, 2015), quoting *Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 228 (1995) (citing Fed.R.Civ.P. 41(b)).[4]

The Court agrees with Homeland that *AmBase Corp. v. City Investing Co. Liquidating Tr.* is directly on point. In that case, the Second Circuit considered whether Delaware's res judicata law precluded the plaintiff from pursuing a second-filed action after its prior similar action had been dismissed by the Delaware state

---

[4] Although Louisiana law is irrelevant to this case, the Court notes the Class/CorVel's assertion that Louisiana law would permit re-filing of the claim previously dismissed on statute of limitation is grounds is incorrect. Like Delaware, Louisiana law holds that dismissal on prescription grounds is an adjudication on the merits to which res judicata applies. See e.g. *Paradise Vill. Children's Home, Inc. v. Liggins,* 38,926 (La. App. 2 Cir. 10/13/04), 886 So. 2d 562, 571, *writ denied,* 2005-0118 (La. 2/4/05), 893 So. 2d 884; *Sours v. Kneipp,* 40,770 (La. App. 2 Cir. 3/8/06), 923 So. 2d 981, 984; *Guidry v. Bayly, Martin & Fay of Louisiana, Inc*., 545 So. 2d 567, 570 (La. Ct. App.), *writ denied,* 551 So. 2d 638 (La. 1989).

9

court as time-barred. *AmBase Corp. v. City Investing Co. Liquidating Tr.,* 326 F.3d 63, 72 (2d Cir. 2003). In holding affirmatively, the Second Circuit reasoned as follows:

> [F]our of these five elements need not detain us long. The Chancery Court plainly had subject matter and personal jurisdiction to adjudicate the Delaware Action. The parties to the Delaware Action were the same as the parties to the case at bar. The dismissal of the Delaware Action was adverse to AmBase and was a dismissal on the merits. *See Loving v. Pirelli Cable Corp.,* 11 F.Supp.2d 480, 491–92 (D.Del.1998) (dismissal of action by a Delaware court as time barred by the Delaware statute of limitations is a dismissal on the merits for res judicata purposes), *aff'd mem.,* 178 F.3d 1279 (3d Cir.1999); *Williamson v. Columbia Gas & Elec. Corp.,* 91 F.Supp. 874, 880 (D.Del.) (same), *aff'd,* 186 F.2d 464 (3d Cir.1950); *Townsend v. Chasanov*, No. 129,1995, 1995 WL 622452, 1995 Del. LEXIS 367 (Oct. 11, 1995) (same). Finally, the judgment dismissing AmBase's claims in the Delaware Action was final.
>
> *AmBase Corp. v. City Investing Co. Liquidating Tr.,* 326 F.3d 63, 72 (2d Cir. 2003).

The analysis is identical in this case. Therefore, the Court finds that the Class/CorVel's instant Louisiana action is precluded by the Delaware court's prior dismissal of the identical claims on statute of limitation grounds.

## Conclusion

For the reasons discussed herein, it is recommended that Homeland Insurance Company's Motion to Dismiss (Rec. Doc. 17) be GRANTED. The Plaintiff Class's claims should be dismissed with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 28th day of October, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE